IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEVIN O. HARPER,

    Plaintiff,

v.

SUE NOVAK, et al.

    Defendants.

ORDER

Case No. 20-cv-592-jdp

On July 6, 2020, I entered an order assessing plaintiff Kevin O. Harper an initial partial payment of $1.53 in the above case. Plaintiff then filed a motion to waive the initial partial filing fee, which I denied without prejudice. Now plaintiff has filed a second motion to waive the initial partial filing fee and a request regarding the collection of his filing fees, in which he seeks to have the business office stop withdrawing money for his federal filing fee obligations until his deposit balance is over $10.00.

Using information from plaintiff's motion and re-evaluating the relevant time period from plaintiff's trust fund account statement, it appears that plaintiff presently has no means with which to pay the filing fee or to make an initial partial payment. Under these circumstances, the court will grant plaintiff's motion for leave to proceed without prepayment of the filing fee but will not assess an initial partial filing fee for the above case. Even if this court ultimately determines that plaintiff's complaint cannot go forward, plaintiff is advised that the full $350 filing fee for this case remains plaintiff's obligation. *See* 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, plaintiff is subject to the Prison Litigation Reform Act, which requires the court to screen the complaint in this case to determine whether any portion

is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

Regarding plaintiff's request to modify collection of his federal filing fee payments, plaintiff believes that the institution must collect the 20% from the monthly deposits only on amounts above $10.00. Plaintiff's interpretation of the collection method of 28 U.S.C. § 1915 is incorrect. Under the Prison Litigation Reform Act, an inmate who files a lawsuit in federal court under the *in forma pauperis* statute must pay the statutory filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2) until the remaining balance for his case is paid in full. The institution must collect 20% of every deposit made, and then once the amount collected exceeds $10, the institution will forward the collected payment to the clerk of court.

28 U.S.C. § 1915 (b)(2) provides that

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of the proceeding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

To clarify, officials at his institution are authorized to deduct or otherwise hold 20% from each deposit into plaintiff's account for application to any unpaid filing fees and may wait to forward payments to the court until the amount available exceeds $10.

ORDER

IT IS ORDERED that,

1. The motion filed by plaintiff Kevin O. Harper to waive the initial partial filing fee in the above case is GRANTED.

2. No further action will be taken in this case until the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, a separate order will issue.

Entered this 31st day of July, 2020.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge