IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN OMAR HARPER,

                Plaintiff,

v.                                                                               OPINION and ORDER

SGT. TERRENCE JUDD,                                                  20-cv-592-jdp
ANTHONY REED, FISHER, and JOE NIESL,

                Defendants.

---

Pro se plaintiff Kevin Omar Harper alleges that prison staff at Columbia Correctional Institution sexually harassed him, failed to protect him from harm, and retaliated against him. In a previous order, I concluded that Harper could proceed on claims against several defendants under the constitution and state law. But I dismissed Harper's claims against supervisory staff and prison staff involved in a disciplinary hearing because Harper's allegations did not state a claim for relief against those defendants.

Harper has filed a motion for reconsideration of the dismissal of: Brian Gustke (security director); Sue Novak (the warden); Lucas Weber (deputy warden); Sergeant Lohman-Peterson (inmate advocate); and Robyn Loden (lieutenant and hearing officer). Dkt. 16. Harper includes several new allegations about his conditions of confinement in segregation, which he says are sufficient to state a due process claim against the dismissed defendants. He also alleges that these defendants retaliated against him. Because Harper's new allegations are insufficient to state any claim against the dismissed defendants, I will deny his motion.

ANALYSIS

In his complaint, Harper sought to proceed on due process claims arising out of the

disciplinary hearing that Harper received for the conduct report issued by defendant Terrence Judd. Harper had argued that the following were violations of his due process rights, among other things:

- Gustke's refusal to process Harper's requests to produce witnesses and evidence at his hearing and appeal;
- Lohman-Peterson's refusal to gather evidence and secure witnesses in her role as inmate advocate;
- Loden's and Gustke's refusal to give plaintiff a fair hearing; and
- Novak's and Weber's refusal to reverse the hearing decision.

In the screening order, I concluded that Harper's allegations did not state a due process claim because his 60-day confinement in disciplinary segregation was not sufficient to trigger due process protections. I explained that a prisoner's placement in segregation may create a liberty interest if the length of segregated confinement is substantial and the conditions of confinement are unusually harsh. *Marion v. Columbia Correctional Institution*, 559 F.3d 693, 697 (7th Cir. 2009). *See also Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014). Because Harper's segregation term was not substantial and he had not alleged that the conditions were unusually harsh, his stay in segregation did not deprive him of a liberty interest.

Harper alleges in his motion for reconsideration that the conditions during his 60-day stay in segregation *were* harsh. He says that he had to endure:

- being double celled in a cell designed for single occupancy;
- sleeping on the floor;
- receiving painful bites by bugs and ants;

2

- suffering an asthma attack because he did not have ready access to his emergency asthma inhaler;
- having his cell searched repeatedly;
- having foul water seep into his cell from other inmates flooding their cells and not having cleaning supplies; and
- being deprived of treatment for his migraines.

Harper argues that because these conditions are significantly worse than the conditions in general population, his 60-day confinement in segregation was sufficient to trigger due process protections.

An inmate's liberty interest in avoiding segregation is limited. *Marion*, 559 F.3d at 697, and whether a prisoner has a liberty interest implicated by special confinement depends on whether the confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). As I explained previously, Harper's short-term confinement in segregation would not trigger due process protections unless his conditions were extreme and deviated substantially from the ordinary conditions of prison. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 743–44 (7th Cir. 2013) (six-month confinement in segregation does not implicate due process unless conditions are "extreme" and "exceptionally harsh"); *Marion*, 559 F.3d at 698 (six months in segregation, standing alone, does not trigger due process rights).

The Supreme Court has held that an indefinite placement in an environment designed to deprive a prisoner of human contact and sensory stimuli would implicate the due process clause. *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005). The due process clause would also be implicated by an involuntary transfer of a state prisoner to a mental hospital for mandatory

3

behavioral modification treatment. *Vitek v. Jones*, 445 U.S. 480, 487–488 (1980). Both of those situations involve a major change in the conditions of confinement. But Harper's allegations do not suggest that the change in his conditions was comparably extreme, such that he was deprived of a liberty interest protected by constitutional due process.

Most of Harper's allegations concern conditions that affected him on a temporary or occasional basis, such as cell searches, flooded cells, and a single asthma attack. Other conditions about which Harper complains were not unique to segregation, such as Harper not having treatment for migraine headaches. Harper alleges that he was denied headache treatment for months, not just while he was in segregation. And the conditions that appear to have been consistent during Harper's 60-day stay in segregation—being double-celled, having to sleep on the floor, and being bitten by bugs—were not so extreme as to implicate due process. Courts within the Seventh Circuit have repeatedly found that similar—and arguably worse— cell conditions for extended periods were insufficient to create a protected liberty interest. *See, e.g.*, *Hardaway*, 734 F.3d at 744 (inmate not deprived of liberty interest when he spent six months in segregation behind a steel door with a confrontational cellmate and had only weekly access to shower and prison yard); *Thomas v. Ramos*, 130 F.3d 754, 757–8 (7th Cir. 1997) (placement in disciplinary segregation with another prisoner in single cell for 70 days, without access to shower or prison yard, not "atypical and significant deprivation"); *McCoy v. Atherton*, 818 F. App'x 538, 541–42 (7th Cir. 2020) (three-month placement in dirty cell near physically and mentally ill inmates did not implicate a liberty interest); *Obriecht v. Raemisch*, 565 Fed. App'x 535, 539–40 (7th Cir. 2014) (78-day confinement in "deplorable conditions," including with mattress placed directly on wet floor, did not implicate a liberty interest); *Stallings v. Best*, No. 16 C 11063, 2018 WL 4300488, at *6 (N.D. Ill. Sept. 10, 2018), aff'd, 777 F. App'x 831

4

(7th Cir. 2019) (no liberty interest based on six-month stay in segregation cell with occasional cockroaches and rodents); *Coleman v. Baldwin*, No. 15 C 5596, 2016 WL 537970, at *4 (N.D. Ill. Feb. 11, 2016) (six-month stay in segregation where prisoner was exposed to insects, mice, broken windows during winter, and deprivation of his wheelchair and walking cane did not implicate liberty interest).

Thus, although the conditions that Harper experienced were no doubt uncomfortable and difficult, they did not implicate a liberate interest or procedural due process requirements.

Harper also says in his motion for reconsideration that he wants to add retaliation claims against the dismissed defendants. But his complaint includes no allegations suggesting that the dismissed defendants took any actions in retaliation for Harper exercising his constitutional rights. Accordingly, Harper's motion will be denied in full.

ORDER

IT IS ORDERED that plaintiff Kevin Omar Harper's motion for reconsideration, Dkt. 16, is DENIED.

Entered November 23, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge