IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN OMAR HARPER,

                Plaintiff,

v.

SGT. TERRENCE JUDD, ANTHONY REED,
ROBERT FISHER, JOE NIESL, LT. ROBYN
LODEN, and SGT. LOHMAN-PETERSON,

                Defendants.

ORDER

20-cv-592-jdp

---

    Pro se plaintiff Kevin Omar Harper is proceeding on claims that prison staff at Columbia Correctional Institution sexually harassed him, failed to protect him from harm, and retaliated against him. He has filed several motions that are before the court.

    First, Harper filed a motion to compel discovery responses from defendants. Dkt. 26. He also filed a motion to sanction defendants for their discovery delays. Dkt. 27. Harper states that he served several discovery requests on defendants, and that defendants failed to submit responses in a timely manner. In response, defendants show that they have now responded to all of Harper's discovery requests. Dkt. 30 and Dkt. 31. Defendants explain that their responses were delayed because they had technical problems, because their discovery responses were sent initially to a prison where Harper was incarcerated previously, and because they did not realize that Harper's claims against defendant Loden had been reinstated. Defendants' explanation is reasonable, so I will deny Harper's motion for sanctions. In addition, Harper admits in his reply brief that defendants have now responded to his discovery requests, so I will deny the motion to compel as moot. Harper does state in his reply brief that defendants are refusing to provide him access to video footage relevant to his claims. But Harper does not say when he asked for

the video footage or how defendants responded to his requests, and I cannot resolve Harper's complaint without such information. Harper should work with defendants' counsel to access the video footage he seeks. If his efforts are unsuccessful, Harper may file another motion to compel regarding the video footage.

Second, Harper filed a motion requesting that the court contact a potential expert witness on his behalf. Dkt. 32. He states that Sue Lockwood from the Division of Family Services is willing to testify on his behalf, but that he needs assistance in contacting her. I will deny this motion, because the court does not solicit witnesses to support one side of a case. In addition, Harper does not say why he thinks Lockwood is willing to testify in support of his claims, what efforts he has made to contact Lockwood himself, or why his efforts have been unsuccessful. If prison rules are making communication between Harper and Lockwood difficult, Harper must explain specifically why he cannot contact Lockwood himself. Alternatively, Lockwood can contact the prison or the court for assistance. But without more information, the court cannot provide relief to Harper on this motion.

Third, Harper filed a motion requesting that the court issue subpoenas to several non-defendants that have information relevant to his claims. Dkt. 35. Some of the information that Harper seeks appears to be relevant to his claims, such as information about the investigation that Captain Pitzen conducted on Harper's PREA complaint. But other information appears to be irrelevant or available from defendants themselves. Defendants have not had a chance to respond to this motion, so I will give them an opportunity to do so before I resolve it.

ORDER

IT IS ORDERED that:

1. Plaintiff Kevin Omar Harper's motion to compel, Dkt. 26, is DENIED as moot.

2. Plaintiff's motion for sanctions, Dkt. 27, is DENIED.

3. Plaintiff's motion requesting that the court contact a potential expert witness for him, Dkt. 32, is DENIED.

4. Defendants may have until May 27, 2021 to respond to plaintiff's motion requesting subpoena duces tecum.

Entered May 21, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge